EXHIBIT

D-1

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
6/25/2026 3:48 PM
JAMIE SMITH
DISTRICT CLERK
26DCCV1304

Cause No. _____

| | |
|---|---|
| UNITI FIBER LLC<br><br>Plaintiff,<br><br>v.<br><br>IRBY CONSTRUCTION COMPANY<br>D/B/A LEGEND FOUNDATION<br><br>Defendant(s). | IN THE DISTRICT COURT OF<br>JEFFERSON COUNTY, TEXAS<br><br>__ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Uniti Fiber LLC, files this Original Petition against Defendant Irby Construction Company d/b/a Legend Foundation, (collectively "Defendant," whether one or more) and alleges as follows:

### A. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 1 of TEX. R. CIV. P. 190.2 and affirmatively pleads that the expedited-actions process in TEX. R. CIV. P 169 governs this suit.

### B. RELIEF

2. Plaintiff seeks only monetary relief of $250,000 or less, excluding interest, statutory or exemplary damages and penalties, attorney fees, and court costs. *See* TEX. R. CIV P. 47(C)(1).

### C. PARTIES

3. Plaintiff Uniti Fiber LLC ("Plaintiff" or "Uniti") is a Delaware limited liability company authorized to do business under the laws of the State of Texas.

4. Defendant is Irby Construction Company d/b/a Legend Foundation ("Defendant" or "") a Mississippi corporation, who may be served with citation via its registered agent, Corporation Service Company, 211 E 7th Street, Suite 620, Austin, Texas , **or wherever they may be found**.

### D. JURISDICTION

5. The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

6. The Court has personal jurisdiction over Defendant because Defendant committed torts, which are the subject of this suit, in whole in Jefferson County, Texas.

## E. VENUE

7. Venue is proper in Jefferson County under TEX. CIV. PRAC. & REM. CODE § 15.002 because all of the events or omissions giving rise to the claim occurred in Jefferson County.

## F. FACTS

8. Whenever in this Petition it is alleged that a Defendant did any act or engaged in any conduct, it is meant that Defendant, by and through one or more of its agents, servants, employees, or representatives, did such act or engaged in such conduct while in the normal course and scope of his or her employment with that Defendant. Furthermore, all acts and conduct were done with the full express, implied and/or apparent authority of Defendants, or in the alternative, the Defendants ratified the acts and conduct.

9. It has become necessary to bring this lawsuit to recover the legal damages sustained by Plaintiff as a result of (TWO (2)) incidents (hereinafter each Incident shall be referenced singularly as an "Incident" or collectively as the "Incidents") which occurred on or about the dates listed in the column denoted as the "Incident Date" on the table attached hereto as **Exhibit A** and incorporated herein as if fully set forth.

10. At all times relevant to this suit, Uniti held the right to occupy a certain portion of land located at or near the address listed in the column denoted as the "Incident Location" on the table attached hereto as **Exhibit A**. At each and every Incident Location, Uniti had placed its property, either a electric or gas utility line (the "Property").

11. Upon information and belief, on or about the dates above in question, Defendant was excavating at or near each of the addresses specified as an Incident Location. During the course of digging and/or excavating with mechanized equipment within the tolerance zone of Plaintiff's Property, Defendant struck and damaged Uniti's underground Property at every Incident Location.[1]

12. On information and belief, on each the Incident Date(s) in questions, Defendant(s) was working at or the Location for each Incident, and was in the process of digging/excavating in the area of Plaintiff's underground utilities and damaged Plaintiff's underground cable. Plaintiff's resulting property damage was proximately caused by the negligence of Defendant.

13. Chapter 251 of the Texas Utilities Code, or the Texas Underground Facility Damage

---

[1] Tolerance zone is defined herein as "Half the nominal diameter of the underground pipeline plus a minimum of 18 inches on either side of the outside edge of the underground pipeline on a horizontal plane." 16 TEX. ADMIN. CODE § 18.2(21).

Prevention and Safety Law (the "Texas Dig Law") requires that an excavator: a) notify a notification center of its intent to conduct excavation activities at least forty-eight (48) hours, but not more than fourteen days (14) days, prior to the commencement of excavation, and b) specify in the notice the area in which excavation is contemplated. Texas Dig Law then requires the notification center to forward notice to utility owners to advise them of the need to mark their underground utilities present within the geographical areas stated in the notice.

14. Unless otherwise agreed, markings are to be placed within forty-eight (48) hours after the notice is called in by an excavator, before excavation is scheduled to begin. These markers provide a means by which excavators are made aware of the presence and location of underground utilities, which will thereby enable excavators to take the necessary precautions to avoid damaging utilities.

15. 16 TEX. ADMIN. CODE § 18.10 imposes a duty upon an excavator to exercise reasonable care when excavating within the "tolerance zone" of an underground facility duly marked by an operator.[2]

16. In wrongfully excavating at each of the Location described for each Incident, Defendant failed to exercise reasonable care by failing or omitting the following actions:

> (a) failing to expose Plaintiff's Property with hand tools; and
> (b) excavating with mechanized equipment precisely on the locate markings, i.e. within the tolerance zone;
> (c) Failing to obtain a locate ticket pursuant to Chapter 251, TEX. UTIL. CODE.
> (d) Failing to report the damage to Texas811 and/or Centerpoint, TEX. UTIL. CODE § 251.159(a)-(b).
> (e) Failing to delay backfilling the area of damage at each Incident Location until the damage was reported to Centerpoint and Centerpoint agreed to a repair schedule. TEX. UTIL. CODE § 251.159(d).

17. As a result of Defendant's willful and wanton conduct at each and every Incident, Defendant damaged Uniti's Property in the amount listed as the "Damage Amount" for each Incident listed on the table attached hereto as **Exhibit A**. Collectively, the damage caused by Defendant for all the Incidents totals **$135,429.82**.

### G. COUNT 1—TRESPASS TO PERSONALTY

18. Uniti hereby re-alleges and incorporates by reference the allegations contained in the preceding paragraphs in support of the following causes of actions.

---

[2] "When excavation is to take place within the specified tolerance zone, an excavator shall exercise such reasonable care as may be necessary to prevent damage to any underground pipeline in or near the excavation area. Other mechanical methods or other technical methods that may be developed may be used with the approval of the underground pipeline operator. Hand digging and non-invasive methods are not required for pavement removal."

19. Uniti was the owner of and had the lawful right to possess the Property at the time of all Incidents The installation of the Property at the Incident Locations listed for all Incidents were in accordance with all property rights and interests previously granted to Uniti.

20. Defendant voluntarily and intentionally dug underground and used its tools in such a manner so as to strike the Property at each Incident with sufficient force to inflict damage to the Property.

21. The damage sustained to the Property at each Incident violated Uniti's property rights in and to the Property at each Incident Location and unlawfully interfered with Uniti's possession of the Property at each Incident Location.

22. Defendant's actions in damaging the Property at the each and every Incident Location listed in **Exhibit A** constitute trespass to Uniti's Property, and its trespass caused Uniti to sustain damages in the amount listed as the "Damage Amount" for each Incident listed on the table attached hereto as **Exhibit A**. Collectively, the damage caused by Defendant for all the Incidents totals **$135,429.82**. *See Mountain States Tel. & Tel. Co. v. Vowell Constr. Co.*, 341 S.W.2d 148, 150 (Tex. 1960).[3]

## H. COUNT 2—NEGLIGENCE

23. Uniti hereby re-alleges and incorporates by reference the allegations contained in the preceding paragraphs in support of the following cause of action.

24. Defendant owed Uniti a duty to exercise reasonable care to ensure the safety of Uniti's Property.

25. Defendant failed to exercise reasonable care by failing to maintain control over the tools and equipment used during the underground dig, and by failing to ensure that the dig would not damage or otherwise impact the placement of the Property at all Incident Location described on **Exhibit A** listed for each Incident.

26. Defendant's actions as described above constitute a breach of his duties to Uniti and demonstrate a willful or wanton disregard for the safety of Uniti's property. Defendant's breach of those duties proximately caused Uniti to sustain damages in the amount listed as the "Damage Amount" for each Incident listed on the table attached hereto as **Exhibit A**. Collectively, the damage caused by Defendant for all the Incidents totals **$135,429.82**.

---

[3] "The gist of trespass to personalty is an injury to, or interference with, possession, unlawfully, with or without the exercise of physical force.. The molesting or severing of the cable was a violation of a property right which gave rise to a cause of action regardless of negligence." *Mountain States Tel. & Tel. Co. v. Vowell Constr. Co.*, 341 S.W.2d 148, 150 (Tex. 1960).

## I. COUNT 3—NEGLIGENCE PER SE

27. Uniti hereby re-alleges and incorporates by reference the allegations contained in the preceding paragraphs in support of the following cause of action.

28. At all Incident Locations described for each Incident, Defendant was under a duty under 16 TEX. ADMIN. CODE § 18.10 to (1) expose Plaintiff's property by hand; and further exercise reasonable care in excavating within the tolerance zone of Plaintiff's Property.

29. As to each Incident Defendant was further under a duty imposed by TEX. UTIL. CODE § 251.151 to a) notify a notification center of its intent to conduct excavation activities at least forty-eight (48) hours, but not more than fourteen days (14) days, prior to the commencement of excavation, and b) specify in the notice the area in which excavation is contemplated. *See* ¶ 13, *supra.*

30. At all Incident locations described each Incident, Defendant struck the property which operating excavating equipment, proximately causing the damages sustained by Centerpoint.

31. Defendant was negligent *per se* for failing to expose Plaintiff's facilities by hand and further failing to exercise reasonable care in excavating within the tolerance zone of Plaintiff's Property as required by 16 TEX. ADMIN. CODE § 18.10 and is therefore liable for the damages sustained by Uniti.

32. Further, Defendant was negligent *per se* for, at each Incident, failing to inform Plaintiff and/or the notification center of the damage, and failing to wait before backfilling the area before Plaintiff had an opportunity to repair the damage. *See* TEX. UTIL. CODE § 251.159.

## J. PRAYER

33. For these reasons, Plaintiff asks that the Court issue citation for Defendant to appear and  answer, and that plaintiff be awarded a judgment against defendant for the following:

      a. Actual Damages in the amount of **$135,429.82**;

      b.  Prejudgment and postjudgment interest;

      c. Court costs; and

      d. All further relief to which Plaintiff may be entitled.

Respectfully Submitted,

_/s/Jonathan Groves_
Jonathan D. Groves
GROVES LAW FIRM, P.C.
State Bar No. 24087637
9330 LBJ Freeway, Suite 900
Dallas, Texas 75243
Tel: (817)-683-7634
Fax: (214)-614-7479
jonathan.groves@groveslawfirm.com

**_Attorney for Plaintiff_**

EXHIBIT A

| Incident No. | Claim No. | Incident Date | Incident Address | Damage Amount |
|---|---|---|---|---|
| 1 | TT-00242924/TT-00239136 | November 21, 2024 | MLK Drive, Port Arthur, TX 77640 | $45,768.21 |
| 2 | 2309 | October 16, 2024 | intersection of MLK Drive and S Gulfway Drive, Port Arthur, TX 77640 | $89,661.61 |
| | | | **TOTAL** | **$135,429.82** |