

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
7/27/2026 4:09 PM
JAMIE SMITH
DISTRICT CLERK
26DCCV1304

**CAUSE NO. 26DCCV1304**

| | | |
|---|---|---|
| **UNITI FIBER LLC,**<br>   *Plaintiff,* | §<br>§<br>§<br>§ | **IN THE DISTRICT COURT** |
| **v.** | §<br>§<br>§ | **JEFFERSON COUNTY, TEXAS** |
| **IRBY CONSTRUCTION COMPANY**<br>**D/B/A LEGEND FOUNDATION,**<br>   *Defendant.* | §<br>§<br>§ | **172ND JUDICIAL DISTRICT** |

## DEFENDANT IRBY CONSTRUCTION COMPANY D/B/A LEGEND FOUNDATION'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Irby Construction Company d/b/a Legend Foundation ("Irby" or "Defendant"), and files its Original Answer to Plaintiff's Original Petition (the "Petition"), and would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

1. In accordance with Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant generally denies each and every, all and singular, the allegations contained in the Petition and demands Plaintiff make strict proof of each allegation.

### II.
### AFFIRMATIVE DEFENSES

2. Defendant asserts that the events or incidents made the basis of this lawsuit and all or some portion of Plaintiff's alleged damages, if any, were proximately caused in whole or in part from the negligence or other wrongful conduct of Plaintiff. To the extent Plaintiff's damages, if any, were caused by the acts or omissions of Plaintiff, Plaintiff's damages, if any, should be reduced by the percentage of causation attributable to the fault or negligence of Plaintiff.

1

3.       Defendant asserts that the events or incidents made the basis of this lawsuit and all or some portion of Plaintiff's alleged damages, if any, were proximately caused in whole or in part from the negligence or other wrongful conduct of persons or parties over whom Defendant had no control, and for whose conduct Defendant is not legally responsible. To the extent Plaintiff's damages, if any, were caused by the acts or omissions of third parties, Plaintiff's damages, if any, should be reduced by the percentage of causation attributable to the fault or negligence of such third parties.

4.       Defendant asserts that Plaintiff's claims are barred, in whole or in part, because of other intervening or superseding conduct on the part of third parties or other parties, persons or entities, and that such conduct on the part of the other entities acts as a total bar to the claim(s) that are being made or that could be made by Plaintiff in this case.

5.       Defendant invokes the provisions of Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, including, but not limited to:

a.   Section 33.001, which provides a Plaintiff may not recover damages if his percentage of responsibility is greater than fifty percent (50%);

b.   Section 33.002, which requires the determination of the percentage of responsibility of each claimant, defendant, settling defendant, and responsible third party;

c.   Section 33.004(a), whereby a defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party if the motion is filed on or before the 60th day before the trial date. And, Section 33.001(6) where "responsible third party" means any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought. Designations may include employers, bankrupt entities, and unknown "John Doe" persons or entities whose actions contributed to the alleged harm;

d.   Section 33.012(a) and (b) providing for reduction of any recovery by (i) Plaintiff's percentage of responsibility and (ii) settlement credits;

e.   Section 33.013(a), which states that except as provided in Subsection (b), a defendant is liable to a claimant only for the percentage of the damages found by

2

the trier of fact equal to that defendant's percentage of responsibility with respect to the personal injury, property damage, death, or other harm for which damages are allowed;

f.  Section 33.015, which allows for contribution; and

g.  Section 33.016, which permits designation and submission of contribution defendants.

6.  Defendant alleges that Plaintiff failed to take reasonable steps to avoid the damages, if any, alleged in the Petition, and each and every alleged cause of action contained therein. To the extent that such damages, if any, were incurred, Plaintiff's recovery, if any, should be reduced accordingly.

7.  Defendant alleges that Plaintiff failed to mitigate its damages, if any, and that such failure to mitigate proximately caused or contributed to the matters complained of and damages alleged in the Petition, if any. Therefore, the amount of damages to which Plaintiff is entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated.

8.  Defendant asserts that if Plaintiff was injured as alleged, which is not admitted but is expressly denied, such injuries were the result of an unavoidable accident or emergency.

## III.
## JURY DEMAND

9.  Pursuant to Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant demands a trial by jury and the appropriate jury fee will be provided to the Court.

## IV.
## RESERVATION OF RIGHT TO AMEND

10.  Defendant reserves its right to amend its answer, affirmative defenses, and pleadings in accordance with the TEXAS RULES OF CIVIL PROCEDURE, any order of the Court, and/or agreement of the parties.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Irby Construction Company d/b/a Legend Foundation prays that Plaintiff take nothing by way of this suit, and for such other and further relief, in law and equity, to which it may be justly entitled.

Respectfully submitted,

**MEHAFFYWEBER, P.C.**

BY: */s/ "Trey" B.G. Sandoval III*
    "Trey" B.G. Sandoval III
    State Bar No. 24048784
    treysandoval@mehaffyweber.com
    Taylor C. Toups
    State Bar No. 24137248
    taylortoups@mehaffyweber.com
    MEHAFFYWEBER, P.C.
    500 Dallas Street, Suite 2800
    Houston, TX 77002
    Phone: (713) 655-1200
    Fax: (713) 655-0222

**ATTORNEYS FOR DEFENDANT
IRBY CONSTRUCTION COMPANY D/B/A
LEGEND FOUNDATION**

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing document has been served via efile on this the 27th day of July, 2026.

        /s/ *"Trey" B.G. Sandoval III*
        "TREY" B.G. SANDOVAL III

4

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Spencer Day on behalf of Taylor Toups
Bar No. 24137248
spencerday@mehaffyweber.com
Envelope ID: 117871678
Filing Code Description: Answer/Response
Filing Description: Defednant Irby Construction Company d/b/a Legend Foundation's Original Answer
Status as of 7/27/2026 4:13 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Spencer Day | | spencerday@mehaffyweber.com | 7/27/2026 4:09:12 PM | SENT |
| Andrea MarieFratus | | edocket@mehaffyweber.com | 7/27/2026 4:09:12 PM | SENT |
| Aysha Doucet | | ayshadoucet@mehaffyweber.com | 7/27/2026 4:09:12 PM | SENT |
| Naomi Castillo | | NaomiCastillo@MehaffyWeber.com | 7/27/2026 4:09:12 PM | SENT |
| Michelle Stutes | | MichelleStutes@MehaffyWeber.com | 7/27/2026 4:09:12 PM | SENT |
| Taylor Toups | | TaylorToups@mehaffyweber.com | 7/27/2026 4:09:12 PM | SENT |
| B. G.Sandoval | | TreySandoval@MehaffyWeber.com | 7/27/2026 4:09:12 PM | SENT |